UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRESSIE POMMIER,

    Plaintiff,

v.

KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,

    Defendant.

C23-1409 TSZ

ORDER

THIS MATTER comes before the Court on Defendant Kaiser Foundation Health Plan of Washington's motion for summary judgment, docket no. 30. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**<u>Background</u>**

Plaintiff Tressie Pommier (the "Plaintiff") is employed by Defendant Kaiser Foundation Health Plan of Washington ("Kaiser") as a Senior Coding Consultant.[1] Mayfield Decl. at ¶ 2 (docket no. 32). In August 2021, Kaiser implemented a mandatory

---

[1] Plaintiff works entirely remotely. Pommier Dep. at 100:2 (docket 31-1).

ORDER - 1

COVID-19 vaccination policy (the "Policy") requiring all employees to provide proof of full vaccination by specified timelines unless the employee received an approved exemption. Sumimoto Decl. at ¶ 2 (docket no. 33). Plaintiff, who identifies her religious beliefs as "Christian Worldview", asserted in her exemption request that she is prevented from receiving a vaccine because she strongly believes her body is a temple for the holy spirit. Goldberg Decl., Ex. B (docket no. 31-1). A few weeks after implementing the Policy, Kaiser provisionally approved Plaintiff's exemption request. Goldberg Decl., Ex. F (docket no. 31-1). On September 21, 2021, Kaiser notified Plaintiff that it was conducting further review of the exemption request because many employees had submitted similar or nearly identical requests with language taken verbatim from free and paid templates available on the internet. Goldberg Decl., Ex. G (docket no. 31-1). Kaiser also claimed to have observed discussions between Kaiser Permanente employees in internet chatrooms where employees were "exchanging strategies for avoiding the vaccine mandate." *Id.*

On October 15, 2021, Kaiser informed Plaintiff that additional information was needed from her to further evaluate her exemption request. Goldberg Decl., ¶ 8, Ex. H (docket no. 31-1). Plaintiff refused to answer the supplemental questions provided by Kaiser, stating her religious values have not changed. Goldberg Decl., Ex. H (docket no. 31-1). On November 29, 2021, Plaintiff's exemption request was denied. Goldberg Decl., ¶ 9, Ex. I (docket no. 31-1). In its denial letter, Kaiser informed Plaintiff that she was required to comply with the Policy, and that failure to meet the Policy requirements by January 7, 2022, would result in the termination of her employment by January 10, 2022.

ORDER - 2

1  Goldberg Decl., Ex. I (docket no. 31-1). Plaintiff was placed on unpaid administrative
2  leave beginning on or about December 6, 2021. *Id.*
3      On January 5, 2022, Plaintiff received the COVID-19 vaccine. Goldberg Decl.,
4  Ex. C; Pommier Dep. at 152:4–19 (docket no. 31-1). On Friday, January 7, 2022, after
5  the close of business, Plaintiff uploaded her proof of vaccination. Goldberg Decl., Ex. C
6  (docket no. 31-1); Mayfield Decl. at ¶ 4 (docket no. 32). Because Plaintiff's proof of
7  vaccine was uploaded after the close of business that day, her name was automatically
8  added to a list of employees who did not comply with Kaiser's vaccine policy and would
9  be terminated. Mayfield Decl. at ¶ 4 (docket no. 32). Plaintiff was terminated on January
10 10, 2022. Goldberg Decl., Ex. T (docket no. 31-1). The following day, on January 11,
11 2022, Plaintiff was reinstated as a Kaiser employee after Kaiser learned of this error.
12 Mayfield Decl. at ¶ 5 (docket no. 32).
13     On August 1, 2023, Plaintiff filed this action against Kaiser in King County
14 Superior Court, alleging that Kaiser violated Title VII of the Civil Rights Act of 1964,
15 ("Title VII"), 42 U.S.C. § 2000e-2, and Washington's Law Against Discrimination, (the
16 "WLAD"), RCW § 49.60.180, by "intentionally discriminat[ing] against [her] based on
17 religious beliefs," thereby creating a "hostile work environment". Compl. at ¶¶ 4.2., 4.4,
18 4.5 (docket no. 1-1). Plaintiff also claimed that she suffered intentional and negligent
19 infliction of emotional distress because of the alleged discrimination. *Id.* at ¶ 4.10. On
20 September 11, 2024, Kaiser removed the case to this Court, asserting that the Court has
21 subject matter jurisdiction over this action based on federal question jurisdiction, 28
22
23

ORDER - 3

U.S.C. § 1331, over Plaintiff's Title VII claims, and supplemental jurisdiction, 28 U.S.C. § 1367, over Plaintiff's WLAD claims. Notice of Removal at 5–6 (docket no. 1).

On December 5, 2024, Kaiser moved for summary judgment, asking the Court to dismiss Plaintiff's Title VII and WLAD claims because Plaintiff's religious discrimination claims fail as a matter of law. Def. Mot. at 9 (docket no. 30).

## Discussion

### A. Summary Judgment Standard

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Beard v. Banks*, 548 U.S. 521, 529 (2006) ("Rule 56(c) 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (*quoting Celotex*, 477 U.S. at 322)).

**B. Plaintiff's Title VII and WLAD Claims**

Plaintiff alleges religious discrimination under both Title VII and the WLAD. *See generally* Compl. (docket no. 1-1). Under Title VII, a plaintiff may assert a claim for religious discrimination based on theories including disparate treatment and failure to accommodate religious observances or practices. *See Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). While Plaintiff primarily relies on a theory of disparate treatment, Compl. at ¶¶ 4.1–4.4 (docket no. 1-1), the allegations in her complaint also suggest a failure to accommodate theory, which merits the Court's consideration given the relationship between an employer's obligations and an employee's religious beliefs. The requirements to state a religious discrimination claim under the WLAD closely mirror those under Title VII. *See Kumar v. Gate Gourmet Inc.*, 180 Wn.2d 481, 496 (2014). Accordingly, the Court will analyze Plaintiff's Title VII and WLAD religious discrimination claim concurrently.

**1. Disparate Treatment**

Plaintiff alleges religious discrimination, asserting a disparate treatment claim under Title VII (Plaintiff's first cause of action) and under the WLAD (Plaintiff's second cause of action). Compl. at 3–4 (docket no. 1-1). Kaiser contends it is entitled to summary judgment as to Plaintiff's discrimination claim, maintaining that Plaintiff admitted her termination resulted from "an inadvertent oversight and [was] not pretextual" and that "the immediate reinstatement of Plaintiff's employment is contrary to any religious animus." Def. Mot. at 19 (docket no. 30). To establish a prima facie case of disparate impact, the plaintiff must "(1) show a significant disparate impact on a

ORDER - 5

protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact." *Feds for Freedom v. Austin*, 2024 WL 2922804, at *11 (W.D. Wash. June 10, 2024) (internal quotation marks omitted).

Here, Plaintiff fails to present any evidence to support these elements. During her deposition, Plaintiff acknowledged that her termination was "due to an administrative oversight." Pommier Dep. at 55:12–16, 109:6–110:20 (docket no. 31-1). When asked to confirm that her termination was due to such an oversight rather than a discriminatory motive, Plaintiff responded, "[s]omebody dropped the ball, put it that way. Yes." *Id.* at 110:19–20. Plaintiff has not identified evidence in the record demonstrating a disparate impact on a protected class or specific practices employed by Kaiser that could have caused such an impact. *See Feds for Freedom*, 2024 WL 2922804 at *12.

Moreover, the evidence before the Court does not reflect any specific employment practices or criteria used by Kaiser to target individuals based on their religious beliefs. In fact, the record is devoid of evidence showing a causal relationship between Plaintiff's religion and her termination from Kaiser. The undisputed evidence indicates that Plaintiff's termination was unrelated to her religious beliefs and was due to an administrative oversight. Defendant is entitled to summary judgment on Plaintiff's claim under Title VII and the WLAD for disparate treatment.

**2. Failure to Accommodate**

While Plaintiff does not allege a stand-alone failure to accommodate claim under either Title VII or the WLAD, the allegations in her complaint do provide notice of such

ORDER - 6

a theory. Compl. at ¶¶ 3.16–3.17 (docket no. 1-1) ("Plaintiff was denied a religious accommodation under Title VII . . . Plaintiff asked for a religious accommodation and employer failed to provide an accommodation."). The Court concludes that the allegations could support a failure to accommodate claim under both federal and state law.[2] To establish a prima facie case of failure to accommodate, the plaintiff must show that "(1) [they] had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) [they] informed [their] employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected [them] to an adverse employment action because of [their] inability to fulfill the job requirement." *Peterson*, 358 F.3d at 606. If the plaintiff successfully establishes a prima facie case, the burden shifts to the employer to demonstrate either that it was justified in not accommodating the plaintiff's beliefs or that it offered a reasonable accommodation to the plaintiff. *See Feds for Freedom,* 2024 WL 2922804 at *11; *see also Petersen v. Snohomish Reg'l Fire & Rescue*, 2024 WL 278973, at *5 (W.D. Wash. Jan. 25, 2024) (noting that courts use a burden-shifting framework to analyze failure to accommodate religious belief claims under both Title VII and the WLAD).

Kaiser argues that Plaintiff failed to satisfy the second prong of this analysis, and asserts that Plaintiff did not adequately inform it of the nature of her religious beliefs and their conflict with her employment duties. To meet the notice requirement of a failure to

---

[2] Title VII and the WLAD impose the same duty to reasonably accommodate an employee's religious practices. Kumar, 180 Wn.2d at 496.

ORDER - 7

accommodate claim, an employee must provide their employer with "enough information about [their] religious needs to permit the employer to understand the existence of a conflict between the employee's religious practices and the employer's job requirements." *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1439 (9th Cir. 1993). "The employee must, however, relay sufficient information about the conflict between the religious belief and the employer's practice or policy, not simply the employee's desired accommodation, in order for an employer to ensure it has met its obligations under . . . Title VII." *Weiss v. Permanente Med. Grp., Inc.*, 738 F. Supp. 3d 1217, 1224 (N.D. Cal. 2024).

Here, the record demonstrates that Plaintiff failed to provide Kaiser with adequate notice of the conflict between her religious beliefs and its vaccination policy. The facts here are analogous to those in *Weiss v. Permanente Med. Grp., Inc*, 738 F. Supp. 3d 1217 (N.D. Cal. 2024), where the court found that the plaintiff's responses to the defendant's follow-up questions were vague and insufficient to articulate a conflict. In the *Weiss* case, the plaintiff "either refused to answer each" of the defendant's follow-up questions or "provided vague and generic responses", such as asserting a religious belief but failing to articulate how it conflicted with the defendant's vaccination policy. *Weiss*, 738 F. Supp. 3d at 1224. As a result, the court found that the plaintiff failed "to aver plausibly that she adequately informed [the defendant] of the conflict between her religious beliefs and the [vaccine p]olicy." *Id.* at 1225. The court granted the defendant's request for judgment on the pleadings as to the plaintiff's failure to accommodate claim. *Id.*

ORDER - 8

Similarly, Plaintiff in this case provided incomplete and conclusory responses to Kaiser's inquiries. Plaintiff asserted her religious belief "is Christian Worldview", stating her "body is a temple for the holy spirit", and that her "sincerely held religious belief, practice, or observance" prevented her from receiving the vaccine. Goldberg Decl., Ex. B (docket no. 31-1).[3] Plaintiff, however, failed to provide any explanation of how her beliefs conflicted with Kaiser's Policy. Such generalized and conclusory statements are insufficient to satisfy the notice requirement under Title VII and the WLAD. Kaiser could not fulfill its obligations to accommodate without sufficient information to understand the conflict. Any failure to accommodate claim under either federal or state law fails as a matter of law and Kaiser is entitled to summary judgment.

### 3. Conclusion

For the reasons stated above, Plaintiff's first and second causes of action are dismissed.

### C. **Plaintiff's Hostile Work Environment Claim**

Plaintiff's third cause of action asserts a hostile work environment claim under Washington state law.[4] Compl. at 4 (docket no. 1-1). Kaiser argues Plaintiff has not

---

[3] Plaintiff argues she did not need to provide more detailed answers about her religious beliefs in response to the COVID-19 vaccine mandate because Group Health, which Kaiser later acquired, had approved her religious and medical request for an exemption to the flu vaccine in 2013. Mayfield Decl. at ¶ 6 (docket no. 32); Goldberg Decl., Ex. S (docket no. 31-1). Kaiser argues Plaintiff's reliance on her flu exemption is a "red herring". Def. Mot. at 25 (docket no. 30). The Court agrees with Kaiser. Plaintiff's flu vaccine exemption request does not inform Kaiser of the conflict between her religious beliefs and its COVID-19 vaccine policy. Accordingly, her reliance on her flu vaccine exemption is misplaced.

[4] Plaintiff's first cause of action also references a hostile work environment pursuant to Title VII. *See* Compl. at ¶ 4.4 (docket no. 1-1).

ORDER - 9

sufficiently alleged a hostile work environment as a matter of law because she failed to demonstrate harassment due to her religion. Def. Mot. at 26 (docket no. 30). To the extent that Plaintiff is alleging a hostile work environment under both Title VII and the WLAD, the Court will analyze the claims together. *See Knight v. Brown*, 797 F. Supp. 2d 1107, 1132 (W.D. Wash. 2011) ("a hostile work environment claim under the WLAD has substantially the same elements as a claim under Title VII."); *see also Kumar*, 180 Wn.2d at 496 (noting that Washington courts look to Title VII cases for assistance when interpreting the WLAD). To set forth the prima facie case for hostile work environment under Title VII, an employee must allege "(1) that [s]he was subjected to verbal or physical conduct of a harassing nature [based on her religion], (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Kortan v. California Youth Auth.*, 217 F.3d 1104, 1110 (9th Cir. 2000) (internal quotation marks omitted); *see also Sharp v. S&S Activewear, L.L.C.*, 69 F.4th 974 (9th Cir. 2023). The elements under Washington law are similar. *See Bartholomew v. Washington*, 693 F. Supp. 3d 1107, 1116 n.9 (W.D. Wash. 2023).

Plaintiff argues that administrative inconveniences, such as difficulties accessing her work profile, and losing her retirement contribution for two pay periods, are sufficient to establish a hostile work environment claim. Pommier Dep. at 111:18–25– 112:1–6 (docket no. 31-1); Pommier Decl. at ¶ 12 (docket no. 35-1). These inconveniences, while frustrating, do not amount to discriminatory intimidation that is "sufficiently severe or

ORDER - 10

pervasive" to sustain an abusive working environment. *Bartholomew*, 693 F. Supp. at 1117.

Likewise, Plaintiff's argument that the denial of her vaccination exemption and termination created a hostile work environment is unsupported by the record. Hostile work environment claims must be based on harassment due to a protected characteristic, not an employee's vaccination status. *French v. St. Charles Health Sys., Inc.*, 2024 WL 5010502, at *4–*5 (D. Or. Dec. 6, 2024). Here, the record shows that Plaintiff's vaccination exemption request was denied because she failed to adequately explain her entitlement to a religious exemption. Pommier Dep. at 38:6–13 (docket no. 31-1). Furthermore, the parties do not dispute that Plaintiff's termination resulted from an administrative oversight, not from discrimination based on a protected characteristic. Kaiser is entitled to summary judgment as to Plaintiff's third cause of action.

### D. **Plaintiff's Intentional Infliction of Emotional Distress Claim**

Plaintiff's fourth cause of action asserts an intentional infliction of emotional distress ("IIED") claim and a negligent infliction of emotional distress ("NIED") claim under Washington law. *See* Compl. at 4–5 (docket no. 1-1).

#### 1. Intentional Infliction of Emotional Distress

Kaiser argues Plaintiff's IIED claim must fail because she points to no evidence demonstrating outrageous conduct. *See* Def. Mot. at 27:9–12 (docket no. 30). To prevail on an IIED claim in Washington, the plaintiff must prove that "(1) the defendant engaged in extreme and outrageous conduct, (2) the defendant intentionally or recklessly inflicted emotional distress on the plaintiff, and (3) the conduct actually resulted in severe

emotional distress to the plaintiff." *Sutton v. Tacoma Sch. Dist. No. 10*, 180 Wn. App. 859, 869 (2014). "Any claim of outrage must be predicated on behavior 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.*

To the extent that Plaintiff argues Kaiser engaged in intentional or reckless outrageous conduct, her claim fails. Plaintiff readily admits that her termination was inadvertent and the result of an administrative oversight. Pommier Dep. at 122:16–17 (docket no. 31-1). Shortly after Plaintiff was inadvertently terminated, she was reinstated as an employee at Kaiser, where she remains employed today. Plaintiff's termination, while unfortunate, does not meet the legal standard of being "so outrageous" as to go "beyond all possible bounds of decency". *Sutton*, 180 Wn. App. at 869.

To the extent Plaintiff argues she suffered severe emotional distress, her claim also fails. In Washington, to satisfy the emotional distress requirement of an IIED claim, the alleged distress must be severe, and beyond ordinary stress or annoyance. *See Mykland v. CommonSpirit Health*, 2021 WL 4209429, at *10 (W.D. Wash. Sept. 16, 2021) ("There is no duty for an employer to provide employees with a stress free workplace.") (internal quotation marks omitted). In her deposition, Plaintiff described the various administrative inconveniences and "ramifications" from her termination as "very stressful and emotional." Pommier Dep. at 122:10–23, 123:8–12 (docket no. 31-1). Plaintiff has failed to present any evidence suggesting that her termination was caused by anything other than an administrative error. Accordingly, Kaiser's motion for summary judgment as to Plaintiff's IIED claim is granted.

### 2. Negligent Infliction of Emotional Distress

Kaiser argues it is entitled to summary judgment as to Plaintiff's NIED claim because Plaintiff proffers no medical evidence needed to sustain the claim, and because the claim must fail as a derivative of Plaintiff's discrimination claim. Def. Mot. at 30 (docket no. 30). For the same reasons Plaintiff alleges intentional infliction of emotional distress, she also alleges NIED. To successfully plead an NIED claim in Washington, the plaintiff must prove "(1) that he or she suffered emotional distress that is within the scope of foreseeable harm of the negligent conduct, (2) the plaintiff reasonably reacted given the circumstances, and (3) objective symptomatology confirms the distress." *Emmanuel v. King Cnty.*, 2020 WL 4922206, at *12 (W.D. Wash. Aug. 21, 2020) (internal quotation marks omitted). To "satisfy the objective symptomology requirement . . . a plaintiff's emotional distress must be susceptible to medical diagnosis and proved through medical evidence." *Hegel v. McMahon*, 136 Wn.2d 122, 135 (1998). Specifically, the plaintiff must provide "objective evidence regarding the severity of the distress, and the causal link between the observation at the scene and the subsequent emotional reaction." *Id.*

In this case, the Court agrees with Kaiser's argument that Plaintiff has failed to substantiate her distress with objective evidence of symptomology. Plaintiff argues only that her distress is corroborated by objective symptomology but fails to allude to any medical evidence. Pl. Resp. at 9. In fact, in her deposition, Plaintiff stated she did not visit a medical professional regarding her stress, and as a result, "on record, there's probably – probably nothing." Pommier Dep. at 122:10–16 (docket no. 31-1). None of these conclusory statements, without medical evidence, satisfy the medical evidence

ORDER - 13

1 | requirement of NIED. *See Bryant v. Country Life Ins. Co.*, 414 F. Supp. 2d 981, 1004

2 | (W.D. Wash. 2006) (finding no genuine issue of material fact as to whether the plaintiffs

3 | can establish emotional distress when their arguments did not allude to any medical

4 | evidence). Plaintiff has not shown that there is any genuine dispute of material fact as to

5 | the third prong of NIED, and as a result, Kaiser's motion must be granted as to this claim.

6 |       The Court also agrees that Plaintiff's NIED claim fails because it is a derivative of

7 | her religious discrimination claims, which fail as a matter of law. *See Wharton v. Azenta*

8 | *Inc.*, 2024 WL 1209736 (W.D. Wash. Mar. 21, 2024) ("To the extent Plaintiff's claim for

9 | negligent infliction of emotional distress stems from the same conduct as his

10 | discrimination claims, he cannot maintain this cause of action."); *see also Palpallatoc v.*

11 | *Boeing Co.*, 2023 WL 2161415, at *3 (W.D. Wash. Feb. 22, 2023) ("[W]hen brought

12 | alongside a discrimination claim, a separate claim for emotional distress is not

13 | compensable when the allegations supporting the emotional distress claim are the same as

14 | those underlying the discrimination claim."). Accordingly, Plaintiff's NIED claim lacks

15 | merit, and Kaiser's motion for summary judgment as to Plaintiff's NIED is granted .

16 |       **3. Conclusion**

17 |       For the reasons stated above, Plaintiff's fourth cause of action is dismissed.

18 | **Conclusion**

19 |       For the foregoing reasons, the Court ORDERS:

20 |       (1)    Defendant Kaiser's motion for summary judgment, docket no. 30, is

21 | GRANTED, and Plaintiff's religious discrimination, hostile work environment,

22 |

23 |

ORDER - 14

intentional infliction of emotional distress, and negligent infliction of emotional distress claims are DISMISSED with prejudice.

(2) The Clerk is directed to enter judgment in favor of Kaiser, dismiss this action with prejudice, and close this case.

IT IS SO ORDERED.

Dated this 30th day of January, 2025.

Thomas S. Zilly
United States District Judge

ORDER - 15