UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRESSIE POMMIER,

        Plaintiff,

v.

KAISER FOUNDATION HEALTH
PLAN OF WASHINGTON,

        Defendant.

C23-1409 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Plaintiff's motion for reconsideration, docket no. 45, is DENIED. Reconsideration is disfavored and ordinarily will not be granted absent a showing of manifest error or of new facts or legal authority that could not have been presented earlier by exercising reasonable diligence. *See* Local Civil Rule 7(h)(1); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (Rule 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources[,]'" and a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error," or relied on law as to which "an intervening change" has occurred). Plaintiff has failed to make the requisite showing.

(2)    In her motion, plaintiff asserts that the Court applied the wrong legal framework in analyzing her religious discrimination claims. Plaintiff's objection lacks merit. In its Order granting summary judgment in favor of defendant, docket no. 40, the Court correctly considered plaintiff's claims, which were brought under Title VII of the Civil Rights Act of 1964 and the Washington Law Against Discrimination ("WLAD"), pursuant to the disparate impact framework. The policy challenged by plaintiff – a

MINUTE ORDER - 1

COVID-19 vaccine mandate – is facially neutral, and thus, appropriately evaluated within the disparate impact rubric. However, district courts in the Ninth Circuit have routinely analyzed vaccine mandates under both disparate impact and disparate treatment standards. *See Small v. Ore. Health & Sci. Univ.*, 2024 WL 4137484 (D. Ore. Aug. 5, 2024); *Andazola v. Kaiser Permanente*, 2024 WL 3914610 (C.D. Cal. July 26, 2024); *Brown v. Alaska Airlines*, 2024 WL 2325058 (W.D. Wash. May 22, 2024); *Cox v. Nw. Reg. Educ. Serv. Dist.*, 2024 WL 777598 (D. Ore. Feb. 23, 2024); *Coates v. Legacy Health*, 2024 WL 4694014 (D. Ore. July 16, 2024), *Report and Recommendation adopted in part and rejected in part*, 2024 WL 4381123 (D. Ore. Oct. 3, 2024). Because plaintiff's WLAD claim did not specify whether she asserted that the alleged discrimination was intentional, *see* Compl. at ¶ 4.5 (docket no. 1-5), the Court correctly analyzed the claim under the disparate impact framework.

(3)     To the extent that plaintiff contends she can establish a prima facie case of disparate treatment, she is again mistaken. Plaintiff has offered no direct evidence of intentional discrimination, and she cannot meet the four requirements for a circumstantial showing of animus, which were first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (explaining that, to survive summary judgment on a disparate treatment claim, a plaintiff must *inter alia* provide "evidence, either direct or circumstantial, to support a reasonable inference that [the adverse employment action] was discriminatory"). Plaintiff cannot satisfy at least two of the four criteria for a prima facie case under *McDonnell Douglas*. Plaintiff must show that she was treated less favorably than similarly situated employees outside of her protected class. *Pickens v. PeaceHealth*, 2024 WL 5056690, at *3 (D. Ore. Dec. 9, 2024). Plaintiff, however, has failed to identify any comparators or provide any basis for finding that non-religious employees who did not receive the vaccine were treated more favorably. Moreover, the undisputed facts indicate that plaintiff chose to receive the vaccine, contradicting her assertion that her initial refusal was based on religious beliefs rather than personal preferences.

(4)     Even if plaintiff could meet her initial burden, any disparate treatment claims would still fail under the *McDonnell Douglas* burden-shifting framework. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253–55 (1981) (clarifying that a defendant need only raise a genuine issue of fact as to whether it was actually motivated by a legitimate, nondiscriminatory reason, and that "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff"). Defendant articulated a legitimate, non-discriminatory reason for plaintiff's termination – inadvertence – and plaintiff has not provided any evidence showing that this justification is pretextual.

(5)     Plaintiff raises additional arguments in her motion for reconsideration, docket no. 45, but none warrant further analysis. The Court's prior Order, docket no. 40,

MINUTE ORDER - 2

already addressed these issues, and plaintiff has not provided any grounds that would justify reconsideration.

(6) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 24th day of February, 2025.

                                        Ravi Subramanian
                                        Clerk

                                        s/Laurie Cuaresma
                                        Deputy Clerk

MINUTE ORDER - 3